[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO REOPEN AND MODIFY UNALLOCATED ALIMONY AND CHILD SUPPORT POST JUDGMENT (DOCKET ENTRY NO. 112.00)
CT Page 15884
Pursuant to the provisions of § 46b-86 (a) of the General Statutes, the defendant has moved to modify the order of the court entered September 25, 1997 for unallocated alimony and support in the amount of $475.00 per week alleging a substantial change in circumstances of the parties. At the time of the decree, the defendant was employed by Norden Systems in Norwalk. He was a senior engineer holding the position of project manager at an annual salary of $78,000. In the spring of 1998, the company announced a cutback in its workforce and that there would be layoffs every quarter. Early in 1999, the defendant was advised that his position was in jeopardy. On March 1, 1999, he was advised that his job was being eliminated effective March 31, 1999 due to a "reduction in force." (See defendant's exhibit 1)
The defendant, at that time, searched the electronic data bases on the Internet to find another position as an electronic engineer. He was able to obtain another position with General Dynamics as a consultant for a period of three months at comparable pay. This job was in North Carolina and terminated the end of June. The defendant again searched for a position in engineering. Since his work with General Dynamics actually ended in May, he began his search at that time. (See first page of defendant's exhibit 2.) These inquiries were unproductive.
In January, 1998, the defendant decided to attend Quinnipiac Law School for night school courses simply because of an interest in property law. In the winter of 1998 he took four courses for 10 or 11 credits, attending three nights per week between 6:00 and 10:00 p. m. He continued this pursuit through 1998 and into 1999. At the time of his termination at Norden, he was attending law school nights. While working in North Carolina, he returned to Connecticut on weekends, attended law school Monday nights and took tape recordings for the sessions he was missing. He has continued at Quinnipiac and is halfway through his course of study. If he remains on schedule, he will graduate in May, 2001 or, at least, in December 2001.
When the defendant was unable to obtain a position as an engineer, he decided to send resume's to companies or law offices that might use his knowledge of engineering and his knowledge of law. His interest is in patent law. He sent resumes and inquiries to 178 law offices. He received responses from 45 (see plaintiffs exhibit 2) and was offered a job with a patent law firm in CT Page 15885 Windsor. The defendant accepted this position with an annual salary of $52,000. He accepted this position because he found there was no longer a market for defense electronic engineers in this area, he believed he had a better future in patent law, and felt that he would be better able to support his family utilizing his education and experience in both areas.
There are three minor children: Andrew who will be 16 on December 21, Catherine who is 13, and Claudia who is 6. Andrew resides with his father, Catherine and Claudia reside with their mother. The parties live close to one another so that the children get to see both parents regularly. The plaintiff is employed as a psychologist at Yale University School of Medicine. While she was earning $24,700 at the time of the decree of dissolution, she is now earning $42,380 as an annual salary.
At the time of the decree of dissolution, the parties owned a home on Lazy Book Road in Monroe. That house has been sold and both parties are living in condominiums. Each party, therefore, has less shelter expense. Defendant's total weekly expenses amount to $1,384. This figure includes the current alimony and support order of $475.00 per week. Without this figure, defendant's total weekly expenses are $909.00. Plaintiffs total weekly expenses amount to $1,050.
The defendant is 50 years of age and in good health. The parties were married in 1978 so at the time of the dissolution, this had been a marriage of 19 years. While the plaintiff did not testify in this proceeding, it is apparent that she is in good health and, considering the ages of the children and the length of the marriage, probably forty-five years of age. The original decree provided for unallocated alimony and support to be paid by the defendant to the plaintiff until the earliest to occur of the following contingencies: the death of either party, the plaintiffs remarriage, modification of the court order pursuant to the provisions of § 46b-86 (b) of the General Statutes (cohabitation) or the week ending October 1, 2005. It is clear, therefore, that the parties intended for alimony to be paid for a period of eight years unless sooner terminated by one of the stated contingencies.
The defendant did not have any role in the termination of his employment with Norden. He never had a poor review in his nine years of employment. Prior to his employment with Norden, he was employed with Raytheon in Rhode Island for 12 years. All of his CT Page 15886 employment has been with defense related employers. He continues to look for openings for engineers, but has been unsuccessful.
As previously noted, this motion is brought pursuant to the provisions of § 46b-86 (a) of the General Statutes. This section of the statutes requires that the moving party demonstrate a substantial change in circumstances of either party for the court to modify its previous orders. Borkowski v. Borkowski,228 Conn. 729, 734 (1994). The court does find such a substantial change. Having found such a substantial change, the court must consider the criteria set forth in §§ 46b-82 and 46b-84 together with the provisions of § 46b-215 (b) of the General Statutes. Since the parties had originally determined that an unallocated order of alimony and support better served both parties, the court shall continue such an order. The decree in this case also provided that the plaintiff should have physical custody of two of the children and the defendant physical custody of one of the children. The parties do not wish this part of the original order disturbed and, indeed, the parties are working together in the childrens' best interests.
Having considered all of the criteria of the statutes, but primarily the financial circumstances of each of the parties, the court reduces the order of unallocated alimony and support from $475.00 per week to $300.00 per week, the plaintiff to pay 53 percent of the unreimbursed medical expenses and the defendant to pay 47 percent of such expenses. This order shall be effective from and after December 13, 1999.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE